**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JUAN CARLOS ASTELLO, <br><br> Petitioner, <br><br> v. <br><br> JOHN FAYRAM, Warden, <br><br> Respondent. | **No. 09-CV-4052-DEO** <br><br> **PRELIMINARY REVIEW OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254** |

Before the Court is Petitioner Juan Carlos Astello's petition for a writ of habeas corpus (Docket No. 1-1), application to proceed in forma pauperis (Docket No. 1), and application for appointment of counsel (Docket No. 2). As explained in further detail below, Astello's petition must be dismissed because it was not filed within the one-year period of limitations as provided in 28 U.S.C. § 2244(d)(1).

### I. BACKGROUND

Following his 1998 trial in the Iowa District Court in and for Kossuth County, a jury found Astello guilty of second-degree murder, first-degree kidnapping, and conspiracy to commit a forcible felony for his participation in the kidnapping and fatal shooting of Gregory "Sky" Erickson. See State v. Astello, No. FECR006374 (Kossuth County Dist. Ct.

1998).[1] On April 13, 1998, Astello was sentenced to an indeterminate 50-year term of imprisonment for second-degree murder and a life sentence without the possibility of parole for first-degree kidnapping. Id. The conspiracy count was dismissed. Id. Astello filed a notice of appeal on April 20, 1998. Id. His appeal was referred to the Iowa Court of Appeals.

The Iowa Court of Appeals affirmed Astello's convictions on August 27, 1999,[2] and the Iowa Supreme Court denied his application for further review. Procedendo issued on November 22, 1999.

On September 27, 2001, Astello applied for postconviction relief in the Kossuth County District Court. See Astello v. State, No. PCCV024292 (Kossuth County Dist. Ct. 2002). Following a hearing, the postconviction court rejected all of Astello's claims and denied his request for postconviction relief on November 26, 2002. Id. Astello appealed. On February 11, 2004, the Iowa Court of Appeals affirmed. See

---

[1] Iowa state court criminal and civil records may be accessed at the following web address: http://www.judicial.state.ia.us/Online_Court_services/. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[2] State v. Astello, 602 N.W.2d 190 (Iowa Ct. App. 1999).

Astello v. State, 680 N.W.2d 378 (Iowa Court App. 2004). On May 28, 2004, the Iowa Supreme Court denied further review. Procedendo issued on June 2, 2004.

Astello again applied for postconviction relief on November 27, 2006. See Astello v. State, No. PCCV025276 (Kossuth County Dist. Ct. 2007), *appeal dismissed*, No. 07-1462 (Iowa 2008). On August 7, 2007, the Kossuth County District Court dismissed his petition for postconviction relief, and Astello appealed. Id. His appeal was dismissed as frivolous on August 22, 2008, and procedendo issued August 27, 2008. Id.

Astello filed the instant § 2254 petition, at the earliest, on June 23, 2009. Docket No. 1-1 at 23; see Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (extending application of prison mailbox rule to pro se § 2254 petitions), *overruled on other grounds by* Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008). In his petition, Astello argues (1) the evidence presented at his trial was insufficient to support his convictions for second-degree murder and first-degree kidnapping; (2) the trial court erred in admitting his statements to law enforcement officers; (3) his conviction by an all-white jury violated his Sixth Amendment right to be

3

tried by an impartial jury; (4) he was subjected to vindictive and malicious prosecution; and (5) his trial counsel was ineffective because she failed to object to certain testimony and evidence introduced by the State, failed to request or object to certain jury instructions, failed to adequately advise him during the plea bargaining stage and during trial, and failed to obtain and present defense evidence.[3]  Docket No. 1-1 at 12-19.

## II. DISCUSSION

### A. *Initial Review Standard*

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the petition for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate."  See Rule 4, Rules Governing Section 2254 Cases.  The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief.  See id.; 28 U.S.C. § 2243; Small v. Endicott, 998 F.2d 411, 414

---

[3] To the extent Astello raises arguments in his § 2254 petition that were not presented to the Iowa Supreme Court, they are barred by 28 U.S.C. § 2254(b)(1)(A), which requires exhaustion of all federal claims in the appropriate state forum.

4

(7th Cir. 1993) (explaining that "Rule 4 enables the district court to dismiss a petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous," and "[e]ven if the petition clears those hurdles, the district court still need not independently review the record so long as the petitioner does not dispute that the facts reported in the state court opinions faithfully and accurately reflect the record." (citing Davis v. Franzen, 671 F.2d 1056, 1057 (7th Cir. 1982))); see also Barnett v. Roper, 541 F.3d 804, 807 (8th Cir. 2008) (district court may consider sua sponte the timeliness of a state prisoner's habeas petition (citing Day v. McDonough, 547 U.S. 198, 209 (2006))). For the reasons set forth below, summary dismissal is appropriate in this case.

## B. *28 U.S.C. § 2244(d)*

A petitioner has one year from the time a state court judgment becomes final to apply for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). A judgment is final, for these purposes, at the conclusion of all direct criminal appeals in the state system followed by either (1) the denial of certiorari or (2) the expiration of the time allotted for

5

filing a petition for a writ of certiorari. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). A petitioner has ninety days from the date of entry of judgment in a state court of last resort to petition the United States Supreme Court for a writ of certiorari. Sup. Ct. R. 13.

Astelllo's direct appeal was dismissed by the Iowa Court of Appeals on August 27, 1999, after which point the Iowa Supreme Court denied further review. Procedendo issued on November 22, 1999, thereby marking the conclusion of all direct criminal appeals in the state court system. Taking into account the ninety days he had to petition for certiorari, Astello's statute of limitations for filing a federal habeas claim began to run on February 21, 2000,[4] and expired on February 21, 2001.[5]

Although Astello filed state postconviction relief applications, there was no statutory tolling of the statute of

---

[4] Ninety days after November 22, 1999, was actually February 20, 2000. However, February 20, 2000, was a Sunday, so the deadline for filing a petition for certiorari with the Supreme Court was Monday, February 21, 2000. See U.S. Sup. Ct. R. 30.1 (In calculating deadlines, "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, [or] federal legal holiday . . . in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, [or] federal legal holiday.").

[5] For a visual representation of the relevant timeline in this case, see Attachment 1, "Habeas Timeline," on page 11.

limitations because his first postconviction relief application was filed after the statute of limitations had already expired.[6] Astello first applied for state postconviction relief on September 27, 2001. Because the deadline for filing Astello's federal petition passed on February 21, 2001, his later filing for postconviction relief in state court cannot act to toll the federal statute of limitations. See Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year [limitations] period.'" (quoting Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001))).

Therefore, Astello's § 2254 petition is untimely unless the state imposed an impediment to the filing of a timely application,[7] or unless Astello is entitled to equitable tolling. In his petition, Astello does not attribute the

---

[6] See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.").

[7] See 28 U.S.C. § 2244(d)(1)(B) (if unconstitutional, state-created impediment prevents filing of federal habeas petition, then 1-year limitations period does not begin to run until that impediment is removed).

7

delay in filing his federal habeas petition to any state-created impediment. Therefore, the Court will consider only the question of whether Astello is entitled to equitable tolling. In that regard, § 2244(d) is a statute of limitations subject to equitable tolling where extraordinary circumstances beyond a prisoner's control make it impossible to file a timely petition and the extraordinary circumstances were the cause of the untimeliness. <u>Earl v. Fabian</u>, 556 F.3d 717, 722 (8th Cir. 2009) (citations omitted). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." <u>Id.</u> (citation omitted). "The [application] of equitable [tolling] to relieve the strict application of [the] statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." <u>Id.</u> (citation omitted). "Equitable tolling should only apply where the petitioner . . . has demonstrated diligence in pursuing the matter." <u>United States v. Martin</u>, 408 F.3d 1089, 1095 (8th Cir. 2005) (citation omitted).

In an effort to explain why this Court should construe his petition as timely filed, Astello contends that he was never informed by any of his several attorneys of the 1-year

8

limitations period imposed by 28 U.S.C. § 2244(d). Docket No. 1-1 at 7, 18, 22. Astello further contends that "research difficulties" impeded his ability to comply with the statutory deadline. Docket No. 1-1 at 7-8, 19. Astello's contentions appear to be variations on the same theme — that he did not understand how the statute of limitations operated in his case. Yet, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("'[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.'" (quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000))). Put differently, Astello's lack of understanding concerning the operation of the statute of limitations, while regrettable, does not amount to an extraordinary circumstance beyond his control.

### III. CONCLUSION

In sum, Astello did not file his § 2254 petition within the one-year period of limitation. Astello had until February 21, 2001, to file the instant petition. However, Astello did not file his § 2254 petition until June 23, 2009. Even excluding the time during which his two state PCR applications

remained pending, Astello's § 2254 petition is still 1,425 days late.

**IT IS THEREFORE HEREBY ORDERED** that the Clerk of Court shall file the petition for purposes of making a record.

Because it is clear that 28 U.S.C. § 2244(d)(1) bars Astello's action, his § 2254 petition shall be **DISMISSED** summarily under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER HEREBY ORDERED**, in light of such dismissal, moreover, Astello's application to proceed in forma pauperis (Docket No. 1) and application for appointment of counsel (Docket No. 2) shall both be **DENIED** as moot.

**IT IS SO ORDERED** this 12th day of January, 2010.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

Attachment 1

